### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MICHAEL HYRE,

     Plaintiff,

vs.                                                                                      Civil Action No.:

TRINET GROUP, INC., a Foreign for
Profit Corporation, TRINET HR I, INC. a
Foreign for Profit Corporation,  TRINET
HR III, INC. a Foreign for Profit
Corporation, TRINET HR III-A, INC. a
Foreign for Profit Corporation, TRINET
HR III-B, INC. a Foreign for Profit
Corporation and TRINET HR XI, INC. a
Foreign for Profit Corporation
Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL HYRE ("Plaintiff" or "Hyre"), through undersigned counsel, files

this Complaint and Demand for Jury Trial against Defendants, TRINET GROUP, INC. a Foreign

for Profit Corporation, ("Defendant" or "TRINET "), and the following subsidiaries,

(Collectively "Subsidiaries") TRINET HR I, INC. a Foreign for Profit Corporation (TriNet HR

I); TRINET HR III, INC. a Foreign for Profit Corporation (TriNet HR III); TRINET HR III-A,

INC. a Foreign for Profit Corporation (TriNet HR III-A); TRINET HR III-B, INC. a Foreign for

Profit Corporation (TriNet HR III-B); TRINET HR XI, INC. a Foreign for Profit Corporation

(TriNet HR XI); (Collectively "Defendants")   and states as follows:

## INTRODUCTION

1.      This is an age discrimination action brought pursuant the Age Discrimination in

Employment Act, 29 U.S.C. § 621, *et. seq*. ("ADEA") as well as Fla. Stat. 760 *et. seq*. (the

"FCRA"), by MICHAEL HYRE, a 63-year-old life insurance salesman, army recruiter and business owner who was discriminated against in the hiring practices of Defendant for no reason other than his age.  HYRE seeks all legal and equitable relief available under the ADEA and the FCRA.

## NATURE OF THE ACTION

2.      HYRE is pursuing claims for unlawful age discrimination.  HYRE applied for the position of recruiter with TRINET, a nationwide human resources outsourcing/placement company.   HYRE was contacted by Chantel Jarmyn, a recruiter that represented TRINET. HYRE was invited to participate in an in-person group interview with 3-5 other candidates. During the initial interview process, HYRE commented that he was a recruiter for the U.S. Army, and Phil Joseph,[1] asked "When? During the Vietnam War?" Kimberly Turner, in the presence of the entire interview pool, stated "I can't believe you just said that." From that point forward HYRE was excluded from the remainder of the interview process and was not invited to participate in the "role play" portion of the interview process.  On or about July 11, 2016, HYRE was contacted and informed he was not being hired for the position.  TRINET's decision not to employ HYRE was based solely on his age.  Based upon information and belief the individual hired for the position was under the age of forty (40).

3.      HYRE seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

---

[1] An employee of Defendant who, along with Kimberley Turner, was conducting the group interview session.

## JURISDICTION, PARTIES, VENUE

4.      This Court has federal-question jurisdiction pursuant 28 U.S.C. §1331. The Court has jurisdiction to grant declaratory relief and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant regularly conducts business in this judicial district.

6.      At all times material to this action Plaintiff was a resident of Sarasota County, Florida.

7.      Plaintiff, MICHAEL HYRE, was at the time material to this Complaint a 63 year-old man.

8.      At all material times, Plaintiff was protected by the ADEA because he is over forty years of age.

9.      At all material times, Plaintiff was protected by the FCRA by virtue of his age.

10.      At all material times, Plaintiff was and is an individual protected by the  ADEA.

11.      At all material times, Plaintiff was and is an individual protected by the FCRA.

12.      At all times material to this action, TRINET GROUP, INC. was, and continues to be, a Foreign for Profit Corporation, engaged in business in Florida, doing business in Sarasota County, Florida.

13.      At all times material to this action, TRINET HR I, INC. was, and continues to be, a Foreign for Profit Corporation, engaged in and doing business in the State of Florida.

14.      At all times material to this action, TRINET HR III, INC. was, and continues to be, a Foreign for Profit Corporation, engaged in and doing business in the State of Florida.

15.     At all times material to this action, TRINET HR III-A, INC. was, and continues to be, a Foreign for Profit Corporation, engaged in and doing business in the State of Florida.

16.     At all times material to this action, TRINET HR III-B, INC. was, and continues to be, a Foreign for Profit Corporation, engaged in and doing business in the State of Florida.

17.     At all times material to this action, TRINET HR XI, INC. was, and continues to be, a Foreign for Profit Corporation, engaged in and doing business in the State of Florida.

18.     The SEC Form 10-K filed by TRINET for the year ending December 31, 2018, lists TRINET HR I, TRINET HR III, TRINET HR III-A, TRINET HR III-B and TRINET HR XI as subsidiaries of TriNet Group, Inc., doing business in Florida under the name TRINET.

19.     Defendants share a common corporate address, website, telephone number, human resources department, payroll system, accounting personnel, directors and medical insurance.

20.     All profits and/or losses of the subsidiaries are consolidated by TriNet.

21.     Defendant TriNet and the subsidiaries have joined and combined to form and constitute a joint employer and/or single enterprise by:

    (a)     performing related activities;

    (b)     the degree of control TriNet and its employees demonstrate over the subsidiaries;

    (c)     the degree of supervision TriNet has over the work of the subsidiaries;

    (d)     TriNet has the right to hire, fire, or modify the employment        conditions   of
    the employees of the subsidiaries.

22.     At all times material to this action Defendants directly or indirectly, controlled

and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

23.     Defendants jointly employed Plaintiff.

24.     At all times material, Defendants were an "employer" as contemplated by the ADEA.

25.     At all times material, Defendants were an "employer" as contemplated by the FCRA.

26.      Defendants do business in this judicial district and the majority of the acts complained of took place in this judicial district.


## CONDITIONS PRECEDENT

27.     Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

28.     On February 14, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue against TRINET with regard to this matter.  A copy of the Right to Sue letter is attached as **Exhibit A**.

29.     Plaintiff files this complaint within the applicable statute of limitations.

30.     Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

31.     All conditions precedent to this action have been satisfied and/or waived.

## **GENERAL ALLEGATIONS**

32.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 621 et seq. because it intentionally discriminated against Plaintiff based upon his age.

33.     Defendants discriminated against HYRE on account of his age, in its hiring interview and workshop, and immediately thereafter hiring an individual under the age of forty (40).

34.     In June 2016, HYRE applied for the position of Sales Consultant, Small Business with TRINET.

35.     Shortly thereafter HYRE was contacted by a representative of TRINET and invited to attend a group interview, with approximately 3-5 other candidates, at TRINET'S Lakewood Ranch facility.

36.     During the group meeting, in response to a question from Phil Joseph, one of TRINET'S recruiters, HYRE informed the group that he was previously a recruiter for the military.

37.     Mr. Joseph sarcastically responded "When? During the Vietnam War?"

38.     Kimberly Turner, another recruiter, employed by TRINET, immediately responded "I can't believe you just said that".

39.     Throughout the remainder of the group meeting HYRE was asked no further questions by either recruiter.

40.     During the group meeting all of the candidates were asked to participate in role play.

41.     However HYRE was not asked to participate in this essential part of the selection process.

42.     On July 11, 2016, HYRE was contacted by TRINET and informed that he was not hired for the Sales Consultant position.

43.     TriNet's response to the EEOC in its position statement that the reason Plaintiff was not hired was his failure to perform well in the "role play" part of the interview, and his inability to articulate what Trinet did when asked to describe the business.

44.     The Plaintiff was not permitted to participate in the "role play" portion of the interview process.

45.     Defendant's reasons for failing to hire Plaintiff are pretextual.

46.     Defendant's reasons for failing to hire Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected under the ADEA and FCRA.

47.      On information and belief, the individual hired for the position of Sales Consultant was under the age of forty (40) and less qualified than HYRE for the position.

48.     Defendant's actions during the group interview process and in failing to employ HYRE constitutes discrimination in violation of the ADEA and the FCRA.

49.     Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal law, yet Defendant acted wantonly or with reckless disregard for the law.

50.     Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to utilize age as a factor in failing to hire Plaintiff.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

51.    Plaintiff re-alleges paragraphs 1 through 50, as if fully set forth herein.

52.    The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. . . " 29 U.S.C. § 623(a).

53.    Plaintiff is and was an individual protected by the ADEA.

54.    Plaintiff is over the age of 40.

55.    Defendant was an employer within the meaning of the ADEA.

56.    Plaintiff was qualified for the position of Sales Consultant, Small Business.

57.    Plaintiff was subjected to different and worse treatment than the younger candidates who participated in the group interview meeting.

58.    Plaintiff was not hired by TRINET on account of his age.

59.    On information and belief a lesser qualified, younger candidate was hired by TRINET for the position of Sales Consultant, Small Business.

60.    The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was a violation of the ADEA, 29 U.S.C. § 623(a). *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

61.    Defendant has no legitimate, non-discriminatory reason for the decision not to hire Plaintiff.

62.    The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

63.     Defendant's treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

64.     Defendant's age-discriminatory behavior towards Plaintiff was willful, entitling him to liquidated damages.

65.     Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

66.     Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## COUNT II

## UNLAWFUL DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (AGE)

67.     Plaintiff incorporates paragraphs 1-50 as if fully set forth herein.

68.     The Florida Civil Rights Act makes it unlawful for an employer "to refuse to hire any individual . . . or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . age." Fla. Stat. 760.10.

69.     Plaintiff was and is an individual protected by the provisions of the FCRA.

70.     Plaintiff is over the age of 40.

71.     Defendant was an employer within the meaning of the FCRA.

72.     Plaintiff was qualified for the position of Sales Consultant, Small Business.

73.     Plaintiff was subjected to different and worse treatment than the younger candidates who participated in the group interview meeting.

74.     Plaintiff was not hired by TRINET on account of his age.

75.     On information and belief a lesser qualified, younger candidate was hired by TRINET for the position of Sales Consultant, Small Business.

76.     The subjection of Plaintiff to disparate treatment and adverse employment actions by Defendant in whole or substantial part because of his age was a violation of the FCRA.  *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340 (11th Cir. 2000).

77.     Defendant has no legitimate, non-discriminatory reason for the decision not to hire Plaintiff.

78.     The age-discriminatory conduct of Defendant and its agents proximately, directly, and foreseeably caused Plaintiff damages, including but not limited to lost wages and benefits.

79.     Defendant's treatment of Plaintiff also caused him irreparable harm through the violation of his rights against age discrimination, for which there is no adequate remedy at law.

80.     Defendant's age-discriminatory behavior towards Plaintiff was knowing and willful, or in reckless disregard of the law entitling him to punitive damages.

81.     Plaintiff has been made to suffer mental anguish and emotional distress, loss of employment and future employment opportunities, and loss of wages and benefits, as the direct and proximate result of Defendant's violation of his civil rights as alleged herein. Plaintiff is reasonably certain to continue to suffer these damages in the future.

82.     Plaintiff is entitled to damages, including actual damages, compensatory damages, liquidated damages, and to recover reasonable attorneys' fees, litigation expenses and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees and all such other relief as the court deems just and proper which include:

    a.  Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the ADEA and FCRA;

    b.  Award Plaintiff all lost wages, past and future, and other monetary damages to which he is entitled to including interest;

    c.  Award Plaintiff compensatory damages in whatever amount he is found to be entitled;

    d.  Award Plaintiff punitive damages in whatever amount he is found to be entitled;

    e.  Award of interest, costs and reasonable attorneys and expert witness fees;

    f.  Award of equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate or available pursuant to statutes cited herein or otherwise.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 14th day of May, 2019.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

*s/  Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.:  063365
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com
*Trial Counsel for Plaintiff*